## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY K. MIRACLE,<br>     Appellant, | DOCKET NUMBER<br>CH-844E-15-0618-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>     Agency. | DATE: July 14, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL*

Joshua D. Howard, Esquire, Pineville, Kentucky, for the appellant.

Thomas Styer, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

* A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant appealed the Office of Personnel Management's decision to deny her application for disability retirement. Initial Appeal File (IAF), Tab 1. On September 22, 2015, the administrative judge held a status conference. IAF, Tab 6. Subsequently, the administrative judge issued three orders to which the appellant failed to respond. IAF, Tabs 7, 9, 11. The administrative judge notified the appellant that, because of her failure to respond to the orders, her appeal would be dismissed for failure to prosecute if she did not respond by December 7, 2015. IAF, Tab 13. When the appellant again failed to respond, the administrative judge dismissed the appeal for failure to prosecute. IAF, Tab 14, Initial Decision at 4.

¶3 In her petition for review, the appellant, through counsel, contends that the agency also missed filing deadlines. Petition for Review File, Tab 1. Counsel also states that he missed the November 30 and December 7, 2015 deadlines due to his wife's pregnancy and childbirth. *Id*. He states that his wife practices law with him and that he had to take her case load. *Id*.

¶4 The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 17 (2013); *see* 5 C.F.R. § 1201.43(b). Such a sanction should be imposed

only when:  (1) a party has failed to exercise basic due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply.  *Davis*, 120 M.S.P.R. 34, ¶ 18.  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Id.*

¶5    We find that the administrative judge did not abuse her discretion in imposing the sanction of dismissal with prejudice.  The record reflects that the appellant failed to respond to the administrative judge's orders of November 5, November 13, and November 17, 2015.  IAF, Tabs 7, 9, 11.  Her assertion that the agency engaged in similar behavior is unavailing.  The agency responded to each of the administrative judge's orders.  IAF, Tabs 8, 10, 12.  By contrast, there is no evidence that the appellant took any steps to pursue her appeal after the September 22, 2015 status conference when she filed her petition for review.  The record also reflects that the appellant was warned to show cause why her failure to participate in the appeal should not result in the dismissal of her appeal with prejudice.  IAF, Tab 13.  She failed to respond to this order also.

¶6    The appellant's argument on review regarding counsel's increased work load due to his wife's pregnancy is not determinative of the propriety of the dismissal for failure to prosecute.  For the Board to rely on the representation that the appellant's counsel submits with the petition for review would be inappropriate.  The administrative judge did not issue an initial decision in this case until December 10, 2015.  The appellant's counsel could have submitted a response to the show cause order, even if it were late.  As the appellant notes, the administrative judge accepted the agency's response to her order of November 5, 2015, even though it was filed 1 day late, and so it seems likely that the administrative judge would have accepted a late‑filed response from the appellant, had she provided one.  IAF, Tab 8.  Further, under long established Board law, the Board generally will not consider arguments that the appellant

first advances with her petition for review. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶7 Counsel of record was the appellant's designated representative throughout the proceedings below. IAF, Tab 1. There is no sufficient explanation as to why he, who had been representing the appellant for over 3 months, should be excused from complying with the administrative judge's repeated orders. As the Board also has long held, errors by representatives do not excuse appellants' failures to properly prosecute their appeals. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶8 Based on the foregoing circumstances, we agree with the administrative judge's finding that the appellant failed to exercise due diligence in prosecuting her appeal, and we affirm the dismissal with prejudice for failure to prosecute. *See, e.g.*, *Williams*, 116 M.S.P.R. 377, ¶¶ 2-4, 9-12 (affirming the administrative judge's decision to dismiss an appeal for failure to prosecute because the appellant failed to respond to multiple Board orders); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (finding that the administrative judge did not abuse her discretion by dismissing the appellant's claims for failure to prosecute when the appellant did not comply with multiple orders over a period of nearly 2½ months).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.